28th April, 1806.
Brevard, J.,
delivered the unanimous opinion of all the judges, as follows. The rules and principles of the com-mQn jaw. are strong against fraud in every shape, and would be, perhaps, sufficient without the aid of the statutes of Eliz., to avoid the operation of contracts entered into with a fraudulent end in view, as being in their nature essentially vicious and corrupt, so far as they may be in their nature calculated to prejudice the rights of others ; innocent and bona fide creditors, or purchasers. The statutes of Eliz. are explanatory of, and assistant to, the common law. The stat. 13 Eliz. declares, that every alienation of lands, tenements, goods, and chattels, by writing, or otherwise, as to creditors, who shall be disturbed, hindered, or delayed, by such alienation, shall be utterly void ; but as to the parties themselves, the contract remains valid. This statute extends not to purchasers who shall claim as such, by purchases subsequent to such fraudulent alienations. The stat. 27 Eliz. c. 4, was passed to explain and establish the principles of the common law on the subject of fraudulent aliena-tions of lands, to the prejudice of subsequent purchasers. This statute extends not to goods and chattels, because the possession of these, which is ever supposed to accompany the transfer of them, is a notorious evidence of title, and sufficient to guard subsequent purchasers from the danger of suffering by prior voluntary conveyances of them. But this is not the case with respect to estates in land ; and, therefore, the statute declares void all covinous aliena-tions to the prejudice of purchasers of estates in fee, for life, or years. In the present case, the voluntary conveyance to Agnes O’Pry cannot be set aside, or avoided, without shewing that the transaction was collusive, and covinous, as well on her part as on the part of her father, in order to defraud subsequent purchasers generally, or Teasdale in particular. Creditors who were liable to be prejudiced by the gift at the time it was made, may avoid it so far as it affects their interests, whether they were particularly in view or not, if the doiior had an intention at the time to delay or defraud any of his creditors. But this doctrine, as to creditors, has no application in the present case. A subsequent bona fide purchaser cannot avoid a prior voluntary conveyance of goods and chattels, on the ground that it was made to postpone or defeat creditors. In the present case, the plaintiff, whose right must stand or fall with the right claimed by his father, as whose property the negro was sold by the sheriff, does pot stand in the light of a fair bona fide purchaser. *51 There is strong reason to believe the sale to him was merely co-lorable, with a fraudulent end in view, and accompanied with a secret trust. On the other hand the daughter of O’Pry, under whom the defendant claims, appears to have been, entirely innocent of any participation in the fraud, if any were intended by her father, by the gift to her, and there is nothing to impeach her title.
Note. The deed, if Iona fide on the part of the daughter, not invalid, though intended by the father to defraud a subsequent purchaser.
New trial refused.